**T. Earl LeVere** *(pro hac vice)*
*Roger A. Gilcrest (SBN 124075)*
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Earl.LeVere@icemiller.com
Roger.Gilcrest@icemiller.com
Tel: (614) 462-1095
Fax: (614) 228-4847

**William E. Thomson, Jr. (SBN 47195)**
BROOKS KUSHMAN P.C.
601 S. Figueroa, Suite 2080
Los Angeles, CA 90017-5726
wthomson@brookskushman.com
Tel: (213) 622-3003
Fax: (213) 622-3053

Attorneys for Defendants

**PAUL YAFFE DESIGN, INC., an Arizona Corporation, and PAUL YAFFE, an individual**

| | |
|---|---|
| **CARLINI ENTERPRISES, INC. dba CARLINI DESIGNS, California Corporation, and ANTHONY J. CARLINI, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**PAUL YAFFE DESIGN, INC., an Arizona corporation, and PAUL YAFFE, an individual,**<br><br>Defendants. | **CASE NO.:** 8:13-CV-01671<br><br>**DEFENDANTS' ANSWER IN RESPONSE TO PLAINTIFFS' COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>**and**<br><br>**AMENDED COUNTERCLAIM**<br><br>**[DEMAND FOR JURY TRIAL]** |

Now come Defendants Paul Yaffe Design, Inc., and Paul Yaffe (collectively, "Defendants" or "Yaffe") and, for their Answer to Plaintiffs' Complaint for Design Patent Infringement, hereby admit, deny, aver, and counterclaim as follows:

1.      Defendants admit the allegations in paragraph 1 of the Complaint.

2.     For their response to paragraph 2 of the Complaint, Defendants admit that they have sold products in this judicial district.  Defendants lack knowledge or information sufficient to form a belief as to whether they sell "the products at issue" in this judicial district insofar as Plaintiffs has failed to identify which sufficient specificity which products they believe are "at issue," and therefore deny this allegation.  Defendant Paul Yaffe denies that he has sold any products in this judicial district.   Defendants deny all other allegations in paragraph 2 of the Complaint.

3.     For their response to paragraph 3 of the Complaint, Defendants admit that Plaintiff Carlini Enterprises, Inc. manufactures, distributes, and sells aftermarket motorcycle parts, including handlebars, for Harley-Davidson motorcycles.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and therefore deny said allegations.

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore deny said allegations.

5.     Defendants admit the allegations in paragraph 5 of the Complaint.

6.     For their response to paragraph 6 of the Complaint, Defendants admit that Defendant Paul Yaffe is an individual residing in the state of Arizona and that he is the President of Defendant Paul Yaffe Design, Inc.  Defendants deny the remaining allegations in paragraph 6 of the Complaint.

//

1    7.    Defendants offer no response to paragraph 7 of the Complaint because

2    Plaintiffs omitted said paragraph from the Complaint.

3                        **FIRST CAUSE OF ACTION**

4                        **PATENT INFRINGEMENT**

5    **A.    CARLINI**

6    8.    For their response to paragraph 8 of the Complaint, Defendants admit

7    that the motorcycle aftermarket parts industry is a multimillion dollar industry

8    serving the Harley-Davidson and chopper aftermarket, among others.  Defendants

9    deny that Carlini is an innovator in the motorcycle aftermarket parts industry or a

10   "power house" in the design of innovative motorcycle parts.  Defendants lack

11   knowledge or information sufficient to form a belief as to the truth of the

12   remaining allegations in paragraph 8 of the Complaint and therefore deny said

13   allegations.

14   **B.    '343 DESIGN PATENT**

15   9.    Defendants lack knowledge or information sufficient to form a belief

16   as to the truth of the allegations in paragraph 9 of the Complaint and therefore deny

17   said allegations.

18   10.    Defendants lack knowledge or information sufficient to form a belief

19   as to the truth of the allegations in paragraph 10 of the Complaint and therefore

20   deny said allegations.

21   11.    Defendants lack knowledge or information sufficient to form a belief

22   as to the truth of the allegations in paragraph 11 of the Complaint and therefore

23   deny said allegations.

**C.    ALLEGED INFRINGEMENT OF THE '343 PATENT**

12.    Defendants deny the allegations in paragraph 12 of the Complaint.

13.    For its response to paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that the handlebars shown in the left portion of the photograph in paragraph 13 were manufactured and/or sold by either Defendant and that the handlebars shown in the right portion of the photograph in paragraph 13 were manufactured and/or sold by either Plaintiff.  Defendants deny all other allegations in paragraph 13 of the Complaint.

14.    Defendants deny the allegations in paragraph 14 of the Complaint.

15.    Defendants deny the allegations in paragraph 15 of the Complaint.

**SECOND CAUSE OF ACTION**

**ALLEGED INFRINGEMENT OF DESIGN PATENT NO. D604,212**

**A.    DESIGN PATENT U.S. PATENT NO. D604,212**

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore deny said allegations.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore deny said allegations.

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore deny said allegations.

**B.**   **ALLEGED INFRINGEMENT OF THE '212 PATENT**

19.   Defendants deny the allegations in paragraph 19 of the Complaint.

20.   For its response to paragraph 20 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations that the handlebars shown in the photograph in paragraph 20 were manufactured and/or sold by either Defendant.   Defendants deny all other allegations in paragraph 20 of the Complaint.

21.   Defendants deny the allegations in paragraph 21 of the Complaint.

22.   Defendants deny the allegations in paragraph 21 of the Complaint.

23.   Defendants deny all other allegations in the Complaint that are not specifically admitted elsewhere herein.

## FIRST AFFIRMATIVE DEFENSE

1.   Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.   Plaintiffs' Complaint is barred in whole or in part by the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

3.   Plaintiffs' claims are barred in whole or in part because the Court lacks personal jurisdiction over one or both of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

4.   Plaintiffs' claims are barred in whole or in part because venue is improper in this Court as to at least one of the Defendants.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiffs' claims are barred in whole or in part because Plaintiffs' damages, if any, are uncertain and speculative and/or because Plaintiffs have not suffered any compensable loss or injury as a result of the conduct alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

6.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because of Plaintiffs' anti-competitive intent, Plaintiffs' misuse of their purported intellectual property, and Plaintiffs' abuse of the judicial process.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' claims and request for enhanced damages are barred, in whole or in part, because Defendants have at all times acted in good faith and with innocent intent.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiffs' claims are barred in whole or in part barred by 35 U.S.C. § 287 and/or Plaintiffs' failure to plead notice thereunder.

//

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code or the rules, regulations, and law relating thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### TENTH AFFIRMATIVE DEFENSE

10.     Defendants reserve the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

### COUNTERCLAIM

Now comes Defendant-Counterclaimants Paul Yaffe Design, Inc., and Paul Yaffe by and through counsel, and, for their Counterclaim against Plaintiffs-Counterclaim Defendants Anthony J. Carlini and Carlini Enterprises, Inc., hereby allege and aver as follows:

### PARTIES

1.     Counterclaimant Paul Yaffe Design, Inc. is an Arizona corporation with its principal place of business in Phoenix, Arizona.  Counterclaimant Paul Yaffe Design, Inc. is in the business of manufacturing custom motorcycles and aftermarket parts for motorcycles.

2.     Counterclaimant Paul Yaffe is an individual residing in Phoenix, Arizona.  Counterclaimant Paul Yaffe is a designer of custom motorcycles and aftermarket parts for custom motorcycles.  Counterclaimant Paul Yaffe is one of the most highly decorated and honored individuals in the history of the American V-twin motorcycle industry.

3.     Counterclaimants and their projects have appeared on over forty television shows and over 300 magazine covers, and have been the subject of hundreds of magazine features.

//

4.      Upon information and belief, Counterclaim-Defendant Carlini Enterprises, Inc. ("CEI") is a California corporation with its principal place of business in Glendale, California.

5.      Upon information and belief, Counterclaim-Defendant Anthony J. Carlini is an individual residing in Orange County, California.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject-matter of this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) because this Counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 101 et seq., and he federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7.      This Court has personal jurisdiction over the Counterclaim-Defendants because each is a resident of the state of California and because Counterclaim-Defendants have purposefully availed themselves of this forum by filing the above-captioned action, and several other actions, in this Court.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because, upon information and belief, both Counterclaim-Defendants reside in the state of California and at least one of the Counterclaim-Defendants resides in this judicial district.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## OF U.S. PATENT NO. D629,343

9.      Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 9 of this Counterclaim as if set forth fully here.

10.   Counterclaim Defendants have asserted that Counterclaimants have infringed U.S. Patent No. D629,343 ("the '343 Patent).

11.   Counterclaimants have not infringed the '343 Patent, either directly or under the doctrine of equivalents, nor have they induced infringement or contributed to infringement to the infringement of the '343 Patent by any other person or individual.

12.   An actual and justiciable controversy exists as to whether Counterclaimants are infringing the '343 Patent.

13.   Counterclaimants are entitled to a declaratory judgment from this Court that they do not infringe the '343 Patent.

## SECOND COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

## OF U.S. PATENT NO. D604,212

14.   Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 14 of this Counterclaim as if set forth fully here.

15.   Counterclaim Defendants have asserted that Counterclaimants have infringed U.S. Patent No. D604,212 ("the '212 Patent).

16.   Counterclaimants have not infringed the '212 Patent, either directly or under the doctrine of equivalents, nor have they induced infringement or contributed to infringement to the infringement of the '212 Patent by any other person or individual.

17.   An actual and justiciable controversy exists as to whether Counterclaimants are infringing the '212 Patent.

18.    Counterclaimants are entitled to a declaratory judgment from this Court that they do not infringe the '212 Patent.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY

## OF U.S. PATENT NO. D629,343

19.    Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 18 of this Counterclaim as if set forth fully here.

20.    By accusing Counterclaimants of infringing the '343 Patent, Counterclaim-Defendants have asserted that the '343 Patent is valid and enforceable.

21.    The '343 Patent is invalid because the claimed design fails to satisfy the requirement of novelty set forth in 35 U.S.C. § 102.

22.    The '343 Patent is invalid because the claimed design is obvious under 35 U.S.C. § 103 to one of ordinary skill in the art.

23.    The '343 Patent is also invalid because material features of the claimed design, and, upon information and belief, the overall design itself, are primarily dictated by the function of the claimed article.

24.    Counterclaimants are entitled to a declaratory judgment from this Court that the '343 Patent is invalid.

## FOURTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF INVALIDITY

## OF U.S. PATENT NO. D604,212

//

DEFENDANTS' ANSWER IN RESPONSE TO PLAINTIFFS' COMPLAINT FOR DESIGN PATENT INFRINGEMENT
AND AMENDED COUNTERCLAIM

25.     Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 24 of this Counterclaim as if set forth fully here.

26.     By accusing Counterclaimants of infringing the '212 Patent, Counterclaim-Defendants have asserted that the '212 Patent is valid and enforceable.

27.     The '212 Patent is invalid because the claimed design fails to satisfy the requirement of novelty set forth in 35 U.S.C. § 102.

28.     The '212 Patent is invalid because the claimed design is obvious under 35 U.S.C. § 103 to one of ordinary skill in the art.

29.     The '212 Patent is also invalid because material features of the claimed design, and, upon information and belief, the overall design itself, are primarily dictated by the function of the claimed article.

30.     Counterclaimants are entitled to a declaratory judgment from this Court that the '212 Patent is invalid.

## FIFTH COUNTERCLAIM

## DECLARATION OF UNENFORCEABILITY

## OF U.S. PATENT NO. D629,343

31.     Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 30 of this Counterclaim as if set forth fully here.

32.     Counterclaim-Defendants have sued numerous individuals and/or entities for infringement of the '343 Patent.

//

//

33.     Upon information and belief, in addition to those the Counterclaim-Defendants have sued for infringement of the '343 patent, Counterclaim-Defendants have accused others of infringing the '343 Patent.

34.     Some of the individuals whom Counterclaim-Defendants have accused of infringing the '343 Patent have entered into agreements with Counterclaim-Defendants to avoid further adverse action by Counterclaim-Defendants.

35.     Through these agreements, upon information and belief, Counterclaim-Defendants have impermissibly broadened the physical and/or temporal scope of the protections afforded by the '343 Patent.

36.     Impermissible broadening of the physical and/or temporal scope of a patent adversely affects competition in the free market.

37.     Counterclaim-Defendants' settlements and other agreements with accused infringers of the '343 Patent have reduced competition for Counterclaim-Defendants' products.

38.     Counterclaimants are entitled to a declaratory judgment from this Court that the '343 Patent is unenforceable due to the Counterclaim-Defendants' misuse thereof.

## SIXTH COUNTERCLAIM

## DECLARATION OF UNENFORCEABILITY

## OF U.S. PATENT NO. D604,212

39.     Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 38 of this Counterclaim as if set forth fully here.

40.   Counterclaim-Defendants have sued numerous individuals and/or entities for infringement of the '212 Patent.

41.   Upon information and belief, in addition to those the Counterclaim-Defendants have sued for infringement of the '212 patent, Counterclaim-Defendants have accused others of infringing the '212 Patent.

42.   Some of the individuals whom Counterclaim-Defendants have accused of infringing the '212 Patent have entered into agreements with Counterclaim-Defendants to avoid further adverse action by Counterclaim-Defendants.

43.   Through these agreements, upon information and belief, Counterclaim-Defendants have impermissibly broadened the physical and/or temporal scope of the protections afforded by the '212 Patent.

44.   Impermissible broadening of the physical and/or temporal scope of a patent adversely affects competition in the free market.

45.   Counterclaim-Defendants' settlements and other agreements with accused infringers of the '212 Patent have reduced competition for Counterclaim-Defendants' products.

46.   Counterclaimants are entitled to a declaratory judgment from this Court that the '212 Patent is unenforceable due to the Counterclaim-Defendants' misuse thereof.

**SEVENTH COUNTERCLAIM**

**FALSE MARKING UNDER 17 U.S.C. § 295**

**REGARDING U.S. PATENT NO. D604,212**

47.    Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 46 of this Counterclaim as if set forth fully here.

48.    The '212 Patent claims a single "ornamental design" for a handlebar.

49.    Counterclaim-Defendant CEI advertises multiple products as being covered by the '212 Patent and/or marks multiple products with the '212 Patent number.

50.    Counterclaim-Defendant CEI offers at least six different sizes of products that Counterclaim-Defendant CEI advertises as being covered by the '212 Patent.   These products range in height from twelve inches to twenty inches. Counterclaim-Defendant refers to these products generally as its "Gangster Ape" handlebars.

51.    Certain of the products that Counterclaim-Defendant CEI advertises and/or marks as being covered by the '212 Patent do not embody the design claimed in the '212 Patent.

52.    Upon information and belief, Counterclaim-Defendant CEI marks and/or advertises said products in an effort to deceive competitors into believing that they cannot make products that compete with any of CEI's Gangster Ape handlebars.

53.    Upon information and belief, Counterclaim-Defendant CEI marks and/or advertises said products in an effort to deceive potential customers into believing that they cannot purchase products that compete with any of CEI's Gangster Ape handlebars from anyone other than Counterclaim-Defendant CEI.

//

54.     Upon information and belief, Counterclaim-Defendant CEI marks and/or advertises said products in an effort to deceive manufacturers into believing that they cannot manufacture products that compete with any of CEI's Gangster Ape handlebars for any of CEI's competitors.

55.     Upon information and belief, Counterclaimant Paul Yaffe Design, Inc., has lost sales of its handlebar products as a result of Counterclaim-Defendant CEI's activities.

56.     Upon information and belief, the activities of Counterclaim-Defendant CEI outlined above have also injured Counterclaimant Paul Yaffe Design, Inc., by limiting its access to third-party manufactures and thereby limiting Counterclaimant's ability to obtain the most-competitive pricing for its competing products.

57.     Upon information and belief, Counterclaimant Paul Yaffe Design, Inc., has lost sales of its handlebar products as a result of Counterclaim-Defendant CEI's activities.

58.     Upon information and belief, the activities of Counterclaim-Defendant CEI outlined above have also injured Counterclaimant Paul Yaffe Design, Inc., by limiting its access to third-party manufactures and thereby limiting Counterclaimant's ability to obtain the most-competitive pricing for its competing products.

59.     Counterclaim-Defendant CEI's actions outlined above have damaged Counterclaimant in an amount to be proven at trial.

//

# EIGHTH COUNTERCLAIM

## FALSE MARKING UNDER 17 U.S.C. § 295

## REGARDING U.S. PATENT NO. D629,343

60.     Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 59 of this Counterclaim as if set forth fully here.

61.     The '343 Patent claims a single "ornamental design" for a handlebar.

62.     Counterclaim-Defendant CEI advertises multiple products as being covered by the '343 Patent and/or marks multiple products with the '343 Patent number.

63.     Counterclaim-Defendant CEI offers at least six different sizes of products that Counterclaim-Defendant CEI advertises as being covered by the '343 Patent.   These products range in height from ten inches to seventeen inches. Counterclaim-Defendant CEI offers at least one of these heights in multiple widths. Counterclaim-Defendant refers to these products generally as its "Evil Ape" handlebars.

64.     Certain of the products that Counter-Defendant CEI advertises and/or marks as being covered by the '343 Patent do not embody the design claimed in the '343 Patent.

65.     Upon information and belief, Counterclaim-Defendant CEI marks and/or advertises said products in an effort to deceive competitors into believing that they cannot make products that compete with any of CEI's Evil Ape handlebars.

//

DEFENDANTS' ANSWER IN RESPONSE TO PLAINTIFFS' COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND AMENDED COUNTERCLAIM

66.     Upon information and belief, Counterclaim-Defendant CEI marks and/or advertises said products in an effort to deceive potential customers into believing that they cannot purchase products that compete with any of CEI's Evil Ape handlebars from anyone other than Counterclaim-Defendant CEI.

67.     Upon information and belief, Counterclaim-Defendant CEI marks and/or advertises said products in an effort to deceive manufacturers into believing that they cannot manufacture products that compete with any of CEI's Evil Ape handlebars for any of CEI's competitors.

68.     Upon information and belief, Counterclaimant Paul Yaffe Design, Inc., has lost sales of its handlebar products as a result of Counterclaim-Defendant CEI's activities.

69.     Upon information and belief, the activities of Counterclaim-Defendant CEI outlined above have also injured Counterclaimant Paul Yaffe Design, Inc., by limiting its access to third-party manufactures and thereby limiting Counterclaimant's ability to obtain the most-competitive pricing for its competing products.

70.     Counterclaim-Defendant CEI's actions outlined above have damaged Counterclaimant in an amount to be proven at trial.

## NINTH COUNTERCLAIM
## FALSE ADVERTISING

71.     Counterclaimants incorporate by reference their allegations set forth in paragraphs 1 through 70 of this Counterclaim as if set forth fully here.

//

72.     Counterclaim-Defendants have made, continue to make, and/or have substantially contributed to, or aided the making of false and misleading statements of fact about the characteristics and nature of several of CEI's Gangster Ape and Evil Ape handlebar products that misrepresent the nature, characteristics, or qualities of CEI's Gangster Ape and Evil Ape handlebar products.

73.     Counterclaim-Defendants have used, continue to use, and/or have substantially contributed to, or aided the use of words, terms, and/or devices in the commercial advertising of CEI's Gangster Ape and Evil Ape handlebar products that misrepresent the nature, characteristics, or qualities of CEI's Gangster Ape and Evil Ape handlebar products.

74.     The above-referenced false and misleading statements and accused words, terms, and/or devices include statements that the '212 and '343 Patents protect all of the Gangster Ape and Evil Ape handlebar products, respectively, and that the products display a "unique bend in the uprights."

75.     Counterclaim-Defendants made the false and misleading statements of fact, and used the words, terms, and/or devices regarding CEI's Gangster Ape and Evil Ape handlebar products in commerce and in the context of commercial advertising and promotion used in connection with CEI's Gangster Ape and Evil Ape handlebar products.

76.     The Counterclaim-Defendants' false and misleading statements of fact, and use of the above-referenced words, terms, and/or devices regarding CEI's Gangster Ape and Evil Ape handlebar products were material, and were intended to influence the purchasing decisions of third parties.

77.     Counterclaim-Defendants knew or had reason to know that the above-referenced statements and words, terms, and/or devices were false and misleading.

78.     The above-referenced statements and words, terms, and/or devices actually deceived, or had the tendency to deceive, purchasers of Counterclaim-Defendants' Gangster Ape and Evil Ape handlebar products.

79.     The above-referenced statements and words, terms, and/or devices actually deceived, or had the tendency to deceive, potential purchasers of Counterclaimant Paul Yaffe Design, Inc.'s, competing handlebar products.

80.     The above-referenced statements and words, terms, and/or devices, as made and used by Counterclaim-Defendants, violated 15 U.S.C. § 1125(a).

81.     As a result of the above-referenced statements and words, terms, and/or devices, Counterclaimant Paul Yaffe Design, Inc., has been, or is likely to be, injured, irreparably harmed, and damaged in an amount to be specifically proven at trial.  Pursuant to 15 U.S.C. § 1117, Counterclaimant Paul Yaffe Design, Inc., is entitled to recover those damages from Counterclaim-Defendants.

82.     Pursuant to 15 U.S.C. § 1116(a), Counterclaimant Paul Yaffe Design, Inc., is entitled to an order enjoining Counterclaim-Defendants from further publication and distribution of any materials that contain the above-referenced false and misleading statements and/or words, terms, and devices.

83.     Because Counterclaim-Defendants acted willfully, with malice, and/or with wrongful and willful intent to injure competitors including Counterclaimant Paul Yaffe Design, Inc., or in reckless disregard of the rights of competitors including Counterclaimant Paul Yaffe Design, Inc., an award to competitors

1  including Counterclaimant Paul Yaffe Design, Inc., of punitive damages and the

2  recovery of attorneys' fees is warranted pursuant to 15 U.S.C. § 1117.

3  **PRAYER FOR RELIEF**

4  **WHEREFORE,** Defendants Paul Yaffe Design, Inc., and Paul Yaffe

5  respectfully request that the Court dismiss all of Plaintiffs' claims with prejudice.

6  Defendant further pray that the Court enter judgment in Defendants' favor that:

7  1.     Defendants have not infringed the '212 Patent, either directly or under

8  the doctrine of equivalents, nor have they induced infringement or contributed to

9  infringement to the infringement of the '212 Patent by any other person or

10  individual;

11  2.     Defendants have not infringed the '343 Patent, either directly or under

12  the doctrine of equivalents, nor have they induced infringement or contributed to

13  infringement to the infringement of the '343 Patent by any other person or

14  individual;

15  3.     The '212 Patent is invalid and unenforceable;

16  4.     The '343 Patent is invalid and unenforceable;

17  5.     Plaintiffs' are entitled to take nothing by reason of this lawsuit;

18  6.     Plaintiffs must pay to Defendants the Defendants' costs and

19  reasonable attorneys' fees incurred in this litigation;

20  7.     Plaintiffs must pay Defendants damages for Plaintiffs' false marking,

21  in the amount proved at trial;

22  8.     Plaintiffs, and anyone acting on their behalves or in concert with

23  them, are permanently enjoined from (i) engaging in or undertaking, directly or

indirectly, false advertising regarding the quality and characteristics of the Gangster Ape and Evil Ape handlebar products, including advertising in any form, media, or format that the '212 and '343 Patents cover and protect products that do not embody the design claimed in the respective patent or that the products contain a "unique upright bend"; and (ii) undertake corrective and remedial advertising within the same media and with the same distribution and frequency as the false advertising, as provided in 15 U.S.C. § 1116;

9. This case is exceptional in Defendants' favor under 15 U.S.C. § 1117(a);

10. Plaintiffs must pay to Defendants damages for their false advertising, including (i) Defendants' profits generated on the sales of their falsely advertised products; (ii) exemplary damages up to three times of the amount found and assessed; (iii) costs of this action; and (iv) attorneys' fees as provided by 17 U.S.C. § 1117; and

11. Defendants are entitled to receive such further and other relief that Court deems just and proper.

Respectfully submitted,

/s/ T. Earl LeVere
T. Earl LeVere (*pro hac vice*)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215
Email:  Earl.LeVere@IceMiller.com
Tel: (614) 462-1095
Fax: (614) 228-4847

//

//

1

William E. Thomson, Jr. (SBN 47195)
BROOKS KUSHMAN P.C.

2

601 S. Figueroa, Suite 2080
Los Angeles, CA 90017-5726

3

Email: wthomson@brookskushman.com
Tel: (213) 622-3003

4

Fax: (213) 622-3053

5

Attorney for Defendants
Paul Yaffe Design, Inc., and Paul Yaffe

6

7

## **DEMAND FOR JURY TRIAL**

8

Defendants hereby respectfully demand a trial by jury on all issues asserted

9

by any party in this action that are so triable.

10

/s/ T. Earl LeVere

11

T. Earl LeVere (*pro hac vice*)
ICE MILLER LLP

12

250 West Street, Suite 700
Columbus, Ohio 43215

13

Email:  Earl.LeVere@IceMiller.com
Tel: (614) 462-1095

14

Fax: (614) 228-4847
Attorney for Defendants

15

Paul Yaffe Design, Inc., and Paul Yaffe

16

//

17

//

18

//

19

//

20

//

21

//

22

//

23

//

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2014, I filed the foregoing DEFENDANTS' ANSWER IN RESPONSE TO PLAINTIFFS' COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND AMENDED COUNTERCLAIM with the Court electronically using the Court's CM/ECF System, which automatically generates and sends by email to all CM/ECF Users a "Notice of Electronic Filing" to all counsel of record in this action. The Notice of Electronic Filing constitutes service pursuant to the Federal Rules of Civil Procedure.

/s/ T. Earl LeVere
T. Earl LeVere (*pro hac vice*)