**O**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLINI ENTERPRISES, INC. dba CARLINI DESIGN; and ANTHONY J. CARLINI,<br><br>          Plaintiffs,<br>     v.<br><br>PAUL YAFFE DESIGN, INC.; and PAUL YAFFE,<br><br>          Respondent. | Case No. 8:13-cv-01671-ODW (RNBx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD AND DENYING PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD [99, 108]** |

## I.    INTRODUCTION

Now before the Court are Defendants Paul Yaffe Design, Inc. and Paul Yaffe's ("Yaffe") Motion to Confirm Arbitration Award (ECF No. 99) and Plaintiffs Carlini Enterprise and Anthony J. Carlini's Motion to Vacate the same (ECF No. 108).  For the reasons discussed below, the Court hereby **GRANTS** Yaffe's Motion to Confirm the Arbitration Award.  Carlini's Motion to Vacate is hereby **DENIED**.[1]

/ / /

/ / /

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

The underlying design-patent action arises from the design and marketing of motorcycle handlebars.   On May 5, 2015, this Court entered an Order Granting Second Stipulation of Dismissal and closed the above-captioned case.  (ECF No. 95.) In connection with the Stipulation, the parties each reserved the right to submit their claims for attorneys' fees and costs to binding arbitration.  (Arbitration Agreement at 1, LeVere Decl., Ex.  A, ECF No. 99-1.)  The parties mutually selected Daniel M. Cislo, Esq., to serve as the arbitrator for their dispute, and made an Amendment to the Arbitration Agreement reflecting as such.  (Amendment to Arbitration Agreement at 1, LeVere  Decl.,  Ex.  B, ECF No. 99-1.)  The Amendment to the Arbitration Agreement also states in pertinent part: ". . . it is additionally stipulated by the Parties that the attorneys' fees charged by counsel for Plaintiffs and by counsel for Defendants were reasonable for the particular tasks for which such charges were rendered. The Parties, however, specifically reserve the right to challenge whether performing the tasks themselves was reasonable under the circumstances, insofar as any such tasks are considered to be relevant to the Parties' arguments for attorneys' fees under 35 U.S.C. § 285." (*Id.*)

After the agreed-upon briefing, the parties arbitrated their respective fee claims before the Arbitrator in a two-day arbitration held on November 16 and 17, 2015, in Los Angeles, California.  (Mot. to Confirm at 1, ECF No. 99.)

After each side submitted a post-arbitration brief as requested by the Arbitrator, as well as further evidentiary support of their fees and expenses, the Arbitrator issued his Award of Arbitrator on January 15, 2016.  (Arbitration Award ("Award"), LeVere Decl., Ex. E, ECF No. 99-1.)  The Award concluded that the above-captioned action was "exceptional" within the meaning of 35 U.S.C. § 285 because  "Carlini's case 'stands out from the others' with respect to the substantive strength of Carlini's litigation assertions" and because "there was an 'unusual discrepancy' in the positions taken by Carlini and Yaffe in the litigation." (Award at 13.)  The Arbitrator identified

several specific reasons supporting its conclusion, including the fact that: Carlini failed to conduct an adequate pre-filing investigation; Carlini's claims were not supported by evidence; Carlini failed to rely on an opinion of Counsel to justify its pre-filing investigation; Carlini ignored binding precedent; Carlini maintained its litigation position for months, driving up fees; Carlini's improper pursuit of the underlying action is evidenced by his clear motivation to engage in a business relationship; and Carlini's analysis focused on one ornamental feature in isolation and excluded key distinguishing components. (*Id.* at 13–14.)

Based upon this and other findings set forth in the Award, the Arbitrator directed that "within sixty (60) days from the date of transmittal of this Award to the parties, [Carlini] shall pay to [Yaffe] the sum of $474,000." (*Id.* at 18.)  Yaffe now asks the Court to: (i) reopen this case, (ii) confirm the arbitration award pursuant to 9 U.S.C. § 9, and (iii) enter judgment in its favor in the amount of $474,000 plus 5% interest per year since January 15, 2016, jointly and severally against Carlini.  (Def.s' Mot. to Confirm at 1, ECF No. 99.)

Carlini does not oppose Yaffe's request to reopen the case.  (ECF No. 103.) Carlini does, however, bring a Motion to Vacate or Modify the Arbitration Award, claiming that the Arbitrator: (i) acted contrary to the parties' Amendment to the Arbitration Agreement; (ii) exhibited undeniable impartiality; and (iii) failed to disclose multiple potential conflicts of interest.  (Pl.s' Mem. of P. & A. in Supp. Of Mot. to Vacate "Pl.s' Mot. to Vacate" at 1, ECF No. 109.)

### III.   LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), a federal court's review of arbitration awards is limited.  *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009); *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 661–62 (9th Cir. 2012).   "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir.

2003) (en banc).  If a party seeks to have an arbitration award confirmed by a federal court, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.

Under 9 U.S.C. § 10, a district court may vacate an arbitration award only: (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption on the part of the arbitrators; (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

An arbitrator exceeds his or her power not by merely interpreting or applying the governing law incorrectly, but when the award is "completely irrational, or exhibits a manifest disregard of law."  *Kyocera*, 341 F.3d at 997.  To vacate an arbitration award for manifest disregard of the law, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it."  *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995); *see also Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010).

## IV.  DISCUSSION

Yaffe apparently seeks confirmation of the arbitration award from this Court as part of its efforts to collect the award from Carlini.  Carlini opposes Yaffe's Motion and asks this Court to vacate or modify the award, arguing that the Arbitrator manifestly disregarded the law and exhibited impartiality in granting the Award.  The Court finds that Carlini's arguments are really an attempt to appeal the Arbitrator's decision or even seek *de novo* review.  The Court does not have that authority.

### I.    *Manifest Disregard for the Law*

The Court does have the authority to vacate or modify an arbitration award where the arbitrator has manifestly disregarded the law.  *Mich. Mut. Ins. Co.*, 44 F.3d at 832.  However, despite arguments to the contrary, there is no indication that the

Arbitrator "recognized the applicable law and then ignored it." *Id*.  Here, Carlini argues that the Arbitrator exceed its authority when it failed to mention that it abided by the Amended Arbitration Agreement when calculating the Award.  (Pl.s' Mot. to Vacate at 6.)

The parties' Arbitration Agreement clearly grants the Arbitrator the authority to determine whether either party is entitled, pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d)(1), to recover the reasonable fees and costs that it incurred in this action.  (Arbitration Agreement, §§ 1, 7.)  The Award shows that the Arbitrator considered the evidence presented and applied 35 U.S.C. § 285, Fed. Civ. R. 54(d)(1), and surrounding jurisprudence, and concluded that Yaffe is entitled to recover $474,000 in fees and costs.  (Award at 18.)  Because this was the precise question that the parties submitted, Carlini cannot show that the Award was "completely irrational."

Carlini suggests that the parties' Amendment to the Arbitration Agreement required the Arbitrator to scrutinize whether each of the tasks performed by Yaffe's counsel was reasonable in the context of this case.  (Pl.s' Mot. to Vacate at 6.)  The Amendment, however, contains no such obligation; it merely reserves the parties' "right to challenge whether performing . . . tasks . . . was reasonable . . . ." (Amendment to Arbitration Agreement at 1.)

Carlini's argument essentially requires this Court to reassess the Arbitrator's factual determinations regarding how he came to his conclusion.  The Court can find no legal basis to do so.  The Arbitrator in this matter provided detailed factual findings and conclusions regarding the arbitration award.  (Award at 8–14.)  Both Carlini and Defendants were afforded ample opportunity to argue their respective sides in their arbitration briefs.  (*Id*. at 1.)

Carlini's claim that the Arbitrator "entirely ignored the existence and effect of [Yaffe's] patent related counterclaims" (Pl.s' Mot. to Vacate at 14) is unavailing for

1  the same reasons.  It, too, is a challenge to the Arbitrator's review of the evidence

2  and applicable law, and therefore is beyond the scope of review here.

3       The review Carlini seeks is simply inconsistent with the Court's limited role

4  under 9 U.S.C. § 10.  The Court has no authority to re-weigh the evidence or question

5  the Arbitrator's conclusions.

6       *II.   Impartiality*

7       Carlini seeks to vacate the Award for "evident partiality" under Section

8  10(a)(2), based upon the Arbitrator's non-disclosure of three clients, and because the

9  Arbitrator allegedly held an actual bias against Carlini.  (Pl.s' Mot. to Vacate at 7–11.)

10      A. Bias

11      To show "evident partiality," the party moving to vacate "must establish

12  specific facts indicating actual bias toward or against a party or show that [the

13  Arbitrator] failed to disclose to the parties information that creates a reasonable

14  impression of bias."  *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d

15  634, 645–46 (9th Cir. 2010).   The appearance of impropriety is insufficient to

16  establish bias.  *Woods v. Saturn Dist. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996).

17      Here, Carlini failed to offer any evidence of actual bias by the Arbitrator.

18  Rather, Carlini relies entirely on the Award to support its claim  of   actual   bias.

19  (*See, e.g.*, Pl.s' Mot. to Vacate at 11 ("Partiality . . . undeniable . . . when the

20  Arbitrator inexplicably awards $474,000 . . . and completely ignores the required

21  analysis of reasonable fees."); *Id.* at 13–14 ("Partiality of the Arbitrator . . . is clear

22  throughout the Arbitration Award" because the Award "ignored the existence and

23  effect of [Yaffe's] patent related counterclaims"); *Id.* at 15 (Award "ignor[ed] all

24  of Plaintiffs' evidence  and ignor[ed] well established law"); *Id.* at 17 (Arbitrator

25  found "that the Plaintiffs [sic] pre-filing  investigation  was  inadequate"); *Id.* at 18

26  (Award "is riddled with pejoratives and unfair characterizations of Plaintiffs"); 

27  *Id.* at 6–7 (Award "is riddled with serious material legal and factual errors that show

28  that the Arbitrator was partial to the Yaffe Counterclaimants and dismissive of the

1  Carlini Plaintiffs").  Substantive conclusions in an arbitration award  are  insufficient
2  to demonstrate evident partiality.  *See, e.g., Greenberg v. Painewebber, Inc.*, 15 F.3d
3  1085 (9th Cir. 1993).

4      Contrary to Carlini's allegations, the Arbitrator makes clear that he reviewed
5  Yaffe's fee submissions, supporting declarations, and the totality of the
6  circumstances. (Award at 2, 14.)  And, the Arbitrator expressly acknowledged that
7  he was charged with examining fees as the district court would.  (*Id.* at 3; *compare*,
8  Pl.s' Mot. to Vacate at 11 (accusing the Arbitrator of being "unaware of the parties
9  [sic] agreement that the Arbitrator would stand in the shoes of a United States
10 District Court Judge").   The Arbitrator, after having "reviewed and weighed the
11 claims and counterclaims, allegations, live testimony, [and] arguments . . ." (*Id.* at 1),
12 expressly concluded that "Yaffe's fees and expenses, although substantial, were
13 reasonable under the circumstances . . . ."  (*Id.* at 14 (noting also that the fees and
14 expenses were consistent with local and national averages for patent infringement
15 disputes where less than $1 million was in dispute).)  This suffices.

16     Regardless, an arbitrator is not required to state reasons for his findings.  *A.G.*
17 *Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992).
18 Similarly, an arbitrator's silence cannot be used to infer grounds for vacating an
19 award; even an arbitration award that contains only a  lump-sum award is presumed
20 to be correct.  *Robbins v. Day*, 954 F.2d 679 (11th Cir. 1992).  As such, because
21 Carlini failed to establish specific facts indicating actual bias, his allegations are
22 insufficient to demonstrate evident partiality.

23     B. Conflict of Interest

24     Carlini also argues that the Arbitrator should have disclosed his representation
25 of three clients whom he claims sells handlebars or designs motorcycles.  Carlini
26 argues that these clients create a "potential conflict of interest" because they "could in
27 the future be subject" to Carlini's patents.  (Pl.s' Mot. to Vacate at 7.)

28

An arbitrator is "required to disclose only facts indicating that he might reasonably be thought biased *against one litigant and favorable to another*." *Lagstein*, 607 F.3d at 646 (emphasis in original) (quoted with approval in *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 73–74 (2nd Cir. 2012)). "[W]here an undisclosed matter is not suggestive of bias, vacatur based upon that nondisclosure cannot be warranted under an evident-partiality theory." *Scandinavian Reinsurance Co.*, 668 F.3d at 73.

The non-disclosure Carlini proffers does not indicate arbitrator bias and is insufficient to justify vacating the Award. Carlini's stated concern consists only of a speculative reference to hypothetical infringement claims that Carlini *might* at some point have against the Arbitrator's clients. Such notions are too remote to suggest a "reasonable impression of bias" against Carlini. The relationship between Carlini and the Arbitrator's three clients is "contingent, attenuated, and merely potential." *In re Sussex,* 781 F.3d 1065, 1075 (9th Cir.)*, cert. denied sub nom. Turnberry/MGM Grand Towers, LLC, v. Sussex,* 136 S. Ct. 156 (2015).

In addition, Yaffe and Carlini both make handlebars and other products for which they assert intellectual property rights. Thus, there is no reason to think that the litigation threat that Carlini imagines would necessarily cause the Arbitrator to favor Yaffe over Carlini. Either could "potentially" assert claims against the Arbitrator's clients. As noted above, an arbitrator is only required to disclose facts indicating that he might reasonably be thought biased against one litigant and favorable to another.

Lastly, to remove all doubt, the Arbitrator provided a letter to counsel dispelling any notions that the three referenced clients created a conflict or triggered a duty to disclose. (Cislo Letter, LeVere Supp. Decl., Ex. A, ECF No. 107-1.) The Arbitrator specifically states that none of the three clients identified have any connection with any party to this action, and none of these clients make or sell motorcycle handlebars. (*Id.* at 1, 2.) Laura Banuelos, who is responsible for checking conflicts at the Arbitrator's firm, confirmed that the Arbitrator's services for

each of the three identified clients were completely unrelated to any issue in the arbitration and any party thereto.  (Banuelos Decl. ¶¶ 7–9, attached to Cislo Letter.)

## V.   CONCLUSION

Since the Court finds no basis to vacate, modify, or correct the arbitration award, the Court must confirm the award.  9 U.S.C. § 9.  As such, the Court **GRANTS** Yaffe's Motion for Confirmation of the Arbitration Award (ECF No. 99) and **DENIES** Carlini's Motion to Vacate the same (ECF No. 108).  The arbitration award is **CONFIRMED** against Carlini for the **total sum of $474,000**.


**IT IS SO ORDERED.**


August 12, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**